UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
JOEL ROSARIO,                                                :
:
                              Plaintiff,        :                    24-CV-4511 (VSB)
:
              -against-                                :                    **OPINION & ORDER**
:
MARPER TERMINAL SERVICES CORP., *et*  :
*al.*,                                                              :
:
                             Defendants.      :
:
------------------------------------------------------------X

Delmas A. Costin, Jr.
The Law Office of Delmas A. Costin, Jr., P.C.
Bronx, NY
*Counsel for Plaintiff*

Nancy Anne Luongo
Harrison, NY

William J. Rita
New York, NY
*Counsel for Defendants Marper Terminal Services Corp. and Pedro Rodriguez*

John Francis Walpole
Joseph Blaise Cartafalsa
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
New York, NY
*Counsel for Defendant Ports America, Inc.*

VERNON S. BRODERICK, United States District Judge:

       On July 11, 2025, the parties filed a motion seeking approval of the settlement agreement reached in this Fair Labor Standards Act ("FLSA") case. (Doc. 54 ("Mot."); *see also* Doc. 54-1 ("Settlement Agreement").) Parties may not privately settle FLSA claims and stipulate to the case's dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) without the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the

1

absence of Department of Labor approval, the parties must demonstrate to me that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (internal quotation marks omitted).

Having reviewed the materials before me, I find that the Settlement Agreement is fair and reasonable. Therefore, the parties' joint motion seeking an order approving the Settlement Agreement is GRANTED. This action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a).

## I.     **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (citations omitted). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). A fee may not be reduced "'merely because the fee would be

disproportionate to the financial interest at stake in the litigation.'" *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II. Discussion

I have reviewed the Settlement Agreement, the parties' joint letter in support of approval of the settlement, copies of orders from the Bronx County Supreme Court authorizing certain attorneys' fees in New York Labor Law cases, and Plaintiff's attorney billing and costs, (*see* Doc. 54), in order to determine whether the Settlement Agreement's terms are fair, reasonable, and adequate. I find that the terms are fair, reasonable, and adequate.

### A. *Settlement Amount*

I first consider the sum provided for in the Settlement Agreement. The Complaint asserts five claims: (1) violation of the overtime provision of the FLSA, (Doc. 1 ("Compl.") ¶¶ 95–99); (2) violation of the overtime provision of the New York Labor Law ("NYLL"), (*id*. ¶¶ 100–04); (3) retaliation under the FLSA, (*id*. ¶¶ 105–08); (4) violation of "spread of hours pay" provisions of the NYLL, (*id*. ¶¶ 109–12); and (5) violation of the notice and wage-statement requirements of the NYLL, (*id*. ¶¶ 113–19). When seeking approval of a FLSA settlement, the plaintiff "must supply calculation addressing all possible sources of a plaintiff's potential damages." *Leonardo v. Reza Fast Food, Inc.*, No. 20-CV-8879, 2022 WL 2440975, at *2 (S.D.N.Y. July 5, 2022) (collecting cases).

The settlement amount is $80,000. (Mot. 1.) Plaintiff asserts that if he had prevailed on his claims, he would have received $80,701.50 in unpaid wages. (*Id.* at 3.) Plaintiff alleges he worked 72 hours/week in 2018 and 2019, 75 hours/week in 2020 through July 2023, 55 hours/week in July

3

2023 through December 2023, and 15 hours/week in 2024. (*Id.*) If proven, Plaintiff's award would be approximately $80,701.50. This means that the total possible settlement award against which I should evaluate the Settlement Agreement is $80,701.50. Under the Settlement Agreement, Plaintiff would receive $80,000, less $27,421.67 in attorneys' fees and costs, for an actual recovery of $52,578.34, (Mot. 2), or approximately 65% of his total possible recovery. In this District, settlements of 12 to 13 percent of the total possible recovery are the low-end of what is considered reasonable in the context of a *Cheeks* review. *See, e.g.*, *Cronk*, 538 F. Supp. 3d at 323 (collecting cases) (finding that a settlement representing roughly 13 percent of the possible recovery was at the low-end of reasonable).[1]

       This settlement is thus well within the range of reasonable recoveries, particularly given the litigation risks of this case, including the pending motion to dismiss. Defendants' position is that "Plaintiff worked substantially less hours than that alleged," and that Plaintiff was only an employee of Defendant Marper Terminal Service Corp. ("Marper") and never of Defendant Ports America, Inc. ("Ports"). (Mot. 2.) Ports also argues that it hired Marper as a third party contractor, and therefore Ports cannot be liable for claims a Marper employee has against Marper. (*Id.*) Plaintiff concedes that this settlement in no way "constitute[s] an admission of liability or of any wrongdoing." (*Id.*)

---

[1] Liquidated damages are typically considered as part of the overall damages when evaluating a FLSA settlement. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 322 (S.D.N.Y. 2021) (considering "liquidated damages" in evaluating the "maximum possible recovery"); *Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (same). "The amount of liquidated damages is equal to 100% of the amount owed to the Plaintiffs in unpaid wages, which includes unpaid minimum wage, unpaid overtime, and unpaid spread-of-hours." *Villanueva v. 179 Third Ave. Rest. Inc.*, 500 F. Supp. 3d 219, 239 (S.D.N.Y. 2020), *report and recommendation adopted*, 2021 WL 2139441 (S.D.N.Y. May 26, 2021).

Here, the amount of liquidated damages combined with the amount of unpaid wages and overtime owed to Plaintiff would total $161,403.00. The actual recovery of $52,578.34 would be approximately 32.58% of the total possible recovery, which is still reasonable. *See Gomes v. I & H Constr., LLC*, No. 22-CV-10441, 2024 WL 1138950, at *2 (S.D.N.Y. Mar. 15, 2024) (finding actual recovery of 37.8% to be reasonable).

Additionally, I find nothing in the record suggesting that the Settlement Agreement is tainted by fraud or collusion or that it is the product of anything less than arm's-length bargaining between experienced counsel. (Mot. 4–5.) Accordingly, the settlement sum is fair and reasonable given comparable cases in this District.

### B.   *Remaining Provisions*

I have reviewed the remainder of the Settlement Agreement, and I find the remaining provisions fair and reasonable. For example, the Settlement Agreement does not include an overbroad release clause; Plaintiff's release is limited to FLSA and NYLL claims. (Mot. 5.) As another example, the Settlement Agreement's non-disparagement clause specifically carves out truthful statements from Plaintiff about "his experience working for Defendant Marper or litigating this action," and also prohibits Defendants Marper and Pedro Rodriguez from "mak[ing] any disparaging, defamatory or untruthful statement about Plaintiff," (Settlement Agreement § 7), which I find acceptable.

### C.   *Attorneys' Fees*

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). As a general matter, the "starting point" in determining reasonable attorneys' fees is "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation "creates a 'presumptively reasonable fee'" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008))). The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum*, 465 U.S. at 897, and must provide the court with sufficient information to assess the fee application, *see N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "Fees of

5

one-third in FLSA cases are routinely approved in this Circuit." *Manley v. Midan Rest. Inc.*, No. 14-CV-1693, 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (collecting cases); *see also Zorn-Hill*, 2020 WL 5578357, at *6 ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of the total recovery." (collecting cases)). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10-CV-4712, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) (collecting cases); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 482 (S.D.N.Y. 2013) (finding that "the lodestar sought by Class Counsel, approximately 6.3 times, falls within the range granted by courts. . . . ").

The parties state that Plaintiff's counsel will receive $27,421.67 in fees and costs, of which $26,666.67 is attorneys' fees. (Mot. 2.) This attorneys' fees award is one-third of Plaintiff's total recovery, which is typical in this Circuit. *See Manley*, 2017 WL 1155916, at *9. The billing records submitted by Plaintiff's counsel Mr. Costin, Jr. indicate that he charges an hourly rate of $500 and spent 42.6 hours on this matter, which would have amounted to a total bill of $21,275.00, plus costs. (Doc. 54-4.) This hourly rate falls within what courts in this District have found to be reasonable. *See, e.g.*, *Alexander v. DRG Hosp. Grp., Inc.*, No. 23-CV-11101, 2024 WL 4789401, at *3 (S.D.N.Y. Nov. 14, 2024) (approving $500 hourly rate for named partner in *Cheeks* review); *Redzepagic v. Hammer*, No. 14-CV-9808, 2017 WL 1951865, at *2 n.2 (S.D.N.Y. May 8, 2017) (same). The 42.6 hours spent by Mr. Costin on this matter is also reasonable.

The request for attorney's fees also includes work performed by a law clerk who charged an hourly rate of $175 and spent 62.8 hours, which would have amounted to a total bill of $10,992.89, and a paralegal who charged an hourly rate of $125 and spent 1 hour, which would have amounted to a bill of $125. These rates are also reasonable. *See Camacho v. Barrier Grp. Inc.*, No. 22-CV-1156, 2025 WL 1269021, at *4–5 (S.D.N.Y. May 1, 2025) (approving $175 hourly rate for attorney); *Alexander*, 2024 WL 4789401, at *3 (approving $125 hourly rate for paralegals). The

6

amount of hours spent in this matter, which includes a fully briefed motion to dismiss, (Docs. 36–37, 44, 48), is also reasonable.

The lodestar method confirms the reasonableness of the fee request. A lodestar calculation leads to $21,275.00 for Mr. Costin's work, $10,992.89 for the law clerk, and $125 for the paralegal for a total sum of $32,392.89. The lodestar calculation is greater than the requested amount. *See Camacho*, 2025 WL 1269021, at *4 ("The proposed attorneys' fee represents approximately 90 percent of the lodestar amount, which is fair and reasonable given the facts and circumstances of this case."); *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-CV-9632, 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) ("The true lodestar amount is therefore greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees.").

Given this, I find the requested attorneys' fees and costs under the Settlement Agreement to be fair and reasonable.

### III.  Conclusion

For the reasons stated above, I find that the proposed Settlement Agreement to be fair and reasonable. Accordingly, the Settlement Agreement is APPROVED.

This action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a) and I shall retain jurisdiction solely for the purpose of enforcing the Settlement Agreement.

The Clerk of Court is respectfully directed to close this action.

SO ORDERED.

Dated:    September 18, 2025
          New York, New York

_____
Vernon S. Broderick
United States District Judge